UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Azizeh Suleiman and
Amjad Suleiman,

    Plaintiffs,

v.

Case No.:
Division:

United States of America,

    Defendants.
_____/

## Plaintiff's First Complaint

Come now Plaintiffs, Azizeh Suleiman and Amjad Suleiman, by and through the undersigned attorney and sue Defendant, United States of America, and allege:

## General Allegations

1. This is an action for damages in excess of $75,000.

2. At all times material herein, Plaintiff, Azizeh Suleiman, was a resident of Orange County, Florida.

3. At all times material herein, Plaintiff, Amjad Suleiman, was a resident of Orange County, Florida.

4. At all times material herein, Defendant, United States of America, was a governmental entity subject to sovereign immunity.

5. Pursuant to the provisions of Florida Statutes governing the Waiver of Sovereign Immunity proper notice of this action was given in writing to Defendant,

United States of America, more than six (6) months prior to the filing of this complaint; no settlement has been reached on this notice. All conditions precedent prior to the filing of this lawsuit have been performed.

6. On or about December 30, 2020, Plaintiff, Amjad Suleiman, was driving a 2007 Chrysler Aspen, while being properly restrained, which was traveling southbound on Landstar Boulevard in Orlando, in Orange County, Florida.

7. On or about December 30, 2020, Plaintiff, Azizeh Suleiman, was a properly restrained passenger in the vehicle being driven by Plaintiff, Amjad Suleiman.

8. At that time and place, Jorge Rivera Camacho, an employee and/or agent of United States of America, was operating a 1991 Chevy S-10, identified by VIN #1GBCS10A7M2920129, which was traveling eastbound on Iowa Woods Circle and was approaching the stop intersection of Landstar Boulevard in Orlando, in Orange County, Florida.

9. At that time and place, the above referenced vehicle being operated by Jorge Rivera Camacho, was owned by Defendant, United States of America.

10. At that time and place, Jorge Rivera Camacho, had the express permission of United States of America to operate the above referenced vehicle.

11. At that time and place, Jorge Rivera Camacho, was operating the Chevy S-10 in the course and scope of employment with Defendant, United States of America.

12. At that time and place, Jorge Rivera Camacho, negligently operated or maintained the motor vehicle so that it collided with Plaintiff's motor vehicle.

**Count I – Azizeh Suleiman's Negligence Claim Against United States of America**

13. Plaintiff realleges and incorporates into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth herein, and further alleges:

14. At the above time and place, Jorge Rivera Camacho, was operating the above referenced vehicle while in the course and scope of his employment with the defendant, United States of America.

15. Therefore, Defendant, United States of America, is vicariously liable for any negligence of Jorge Rivera Camacho in the operation of the subject motor vehicle under the doctrine of respondeat superior.

16. Jorge Rivera Camacho, had a duty to use reasonable care in the operation of the subject motor vehicle.

17. Jorge Rivera Camacho breached that duty in one or more of the following ways:

    a. Failing to exercise due care;

    b. failing to keep a proper lookout;

    c. failing to yield right-of-way;

    d. driving at an excessive speed for the roadway conditions;

    e. becoming distracted by engaging in other activities; and

    f. being otherwise careless in the operation of a motor vehicle.

18. As a direct and proximate result of the negligence of Jorge Rivera Camacho, Plaintiff, Azizeh Suleiman, suffered bodily injury and resulting pain and suffering, mental pain and anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Wherefore, Plaintiff, Azizeh Suleiman, sues Defendant, United States of America, and demands judgment for damages in an amount exceeding Thirty Thousand Dollars, exclusive of costs, against the defendant and demands a trial.

**Count II – Amjad Suleiman's Negligence Claim Against United States of America**

19. Plaintiff realleges and incorporates into this Count all of the paragraphs of the "General Allegations" of this Complaint as if the same were more specifically set forth herein, and further alleges:

20. At the above time and place, Jorge Rivera Camacho, was operating the above referenced vehicle while in the course and scope of his employment with the defendant, United States of America.

21. Therefore, Defendant, United States of America, is vicariously liable for any negligence of Jorge Rivera Camacho in the operation of the subject motor vehicle under the doctrine of respondeat superior.

22. Jorge Rivera Camacho, had a duty to use reasonable care in the operation of the subject motor vehicle.

23. Jorge Rivera Camacho breached that duty in one or more of the following ways:

    a. Failing to exercise due care;

    b. failing to keep a proper lookout;

    c. failing to yield right-of-way;

    d. driving at an excessive speed for the roadway conditions;

    e. becoming distracted by engaging in other activities; and

    f. being otherwise careless in the operation of a motor vehicle.

24. As a direct and proximate result of the negligence of Jorge Rivera Camacho, Plaintiff, Amjad Suleiman, suffered bodily injury and resulting pain and suffering, mental pain and anguish, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Wherefore, Plaintiff, Amjad Suleiman, sues Defendant, United States of America, and demands judgment for damages in an amount exceeding Thirty Thousand Dollars, exclusive of costs, against the defendant, and demands a trial.

### NOTICE OF DESIGNATION OF PRIMARY E-MAIL ADDRESS FOR SERVICE BY ELECTRONIC MAIL

The law firm of The Nurse Lawyer, P.A. files this appearance as attorney of record for Plaintiffs, Azizeh Suleiman and Amjad Suleiman, in the above-styled

cause, and pursuant to F.R.J.A. 2.516, designates the following e-mail address for service by electronic mail:

        service@thenurselawyer.com

Respectfully submitted on March 14, 2022.

*/s/ Megan Cummings/*

Megan Cummings, Esquire
The Nurse Lawyer P.A.
201 Alt 19 S
Palm Harbor, FL 34683
Telephone: (727) 807-6182
Facsimile: (727) 848-6182
Fla. Bar No.: 112435
service@thenurselawyer.com
Attorney for Plaintiff s

**Mustafa Law Firm, P.A.**
PO Box 1487
Elfers, FL 34680
727.725.7600 - Phone
727.213.6937 – Fax
Julan@MustafaLawFirm.com

By: */s/*
Julan Mustafa
Florida Bar No. 13147